IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                              Criminal Action No. 5:15CR15
                                                (STAMP)
NICHOLAS S. DUBROWSKI,

       Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE AND
DENYING MOTION TO SUPPRESS AND AMENDED MOTION TO SUPPRESS**

I.  Procedural History

The defendant, Nicholas Dubrowski, was indicted in a two-count indictment, with forfeiture allegation, charging him with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

The defendant has filed a motion to suppress evidence and statements that were procured from a search warrant the defendant contends is presumptively invalid. The government filed a response to the motion, and a motion hearing was held by United States Magistrate Judge James E. Seibert. Following the hearing, the defendant filed an amended motion to suppress. The government filed a response thereto. The magistrate judge then filed a report and recommendation denying the motion to suppress and amended

motion to suppress. Further, the magistrate judge informed the parties that any objections to the report and recommendation must be filed by a date certain. No objections have been filed.

## II. Facts

In February 2015, Sargent James A. Matthews, Jr. ("Matthews"), sought a search warrant for the defendant's trailer in Moundsville, West Virginia. Matthews sought the search warrant based on his belief that the defendant was in possession of anhydrous ammonia, commonly used to manufacture methamphetamine. Matthews obtained the warrant based on information from a confidential informant ("C/I"), whose reliability was unknown. The C/I stated, to an officer other than Matthews, that he and a female passenger, Ashley Grogg ("Grogg"), were headed to Moundsville to obtain methamphetamine from a person known as "Country." The C/I stated that he had previously dropped Grogg off at the trailer to purchase methamphetamine. The C/I stated that he was under the influence of methamphetamine. Thereafter, Matthews made a visual inspection of the defendant's trailer and observed numerous propane tanks whose patina indicated to the officer that they had been exposed to anhydrous ammonia. Further, Matthews observed that there were no tire tracks leading from the defendant's trailer whereas other trailers had tire tracks.

Matthews prepared an affidavit to support a request for a search warrant based on the information obtained from the C/I and

Matthews' observation at the defendant's trailer. The search warrant was signed by Circuit Judge David W. Hummel, Jr. ("issuing judge") and a subsequent search of the defendant's trailer was completed. The search resulted in the seizure of drug paraphernalia, guns, and cash. Further, the defendant was identified as "Country," was given Miranda[1] warnings, and made a number of admissions regarding his involvement in the distribution of methamphetamine.

The defendant asserts in his motion to suppress that Matthews' affidavit was so facially lacking that the warrant and the subsequent search based on that warrant were presumptively invalid. The defendant also argues that any statements made during subsequent questioning are inadmissible due to the deficiencies in the search warrant or were coercively obtained in violation of the defendant's Fifth Amendment privilege.

In response to the motion, the government argues that Matthews' affidavit adequately supports the probable cause finding of the issuing judge because the information supplied by the C/I was corroborated by Matthews' observations at the defendant's trailer. Further, the government asserts that even if the warrant is insufficient, Matthews acted in good faith when he relied on the warrant and seized items during the search. Finally, the government argues that the defendant's statements should be

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

admissible as he was given Miranda warnings, and has provided no evidence that the agents acted in a coercive, intimidating, or deceptive way. Further, the government asserts that even if the search warrant was insufficient, the defendant's consent to speak with detectives constitutes an intervening circumstance and his statements would be admissible regardless of any issues with the search warrant.

In his amended motion, the defendant argues that the search warrant should be found insufficient pursuant to Franks v. Delaware, 438 U.S. 154 (1978). Given the information obtained at the evidentiary hearing, the affidavit, and the search warrant, the defendant asserts that Matthews supplied false information in his affidavit that was material to the finding of probable cause. The defendant alleges the following:

> (1) the information provided by the unreliable C/I who was under the influence of drugs was later contradicted by Matthews' visual inspection of the defendant's trailer;
> (2) Matthews implied in the affidavit that the trailer was unoccupied but conceded during testimony that a truck was parked next to the trailer;
> (3) Matthews stated that the valves on the tanks were discolored when they were not;
> (4) Matthews failed to indicate that his visual inspection of the tanks was from forty feet away and that other campers had multiple propane tanks; and
> (5) the C/I had stated that Grogg was out with the defendant riding around, but during Matthews' inspection of the trailer the truck was sitting next to the trailer and had not been moved.

In response, the government addresses each of the allegations raised by the defendant:

4

>     (1) Matthews stated in the affidavit that the C/I was "unreliable" but he corroborated the C/I's tip by going to the trailer;
>     (2) the C/I's methamphetamine admission bolstered his reliability as it was against his pecuniary interest and it was further evidence that the defendant was involved in distribution because the C/I stated he had just left Grogg with the defendant;
>     (3) there was no external indication to contradict the C/I's belief that no one lived at the trailer, Matthews never stated that the trailer was vacant but rather stated that he believed the trailer was being used for manufacturing methamphetamine rather than as a residence;
>     (4) Matthews stated in the affidavit that there were multiple propane tanks at the trailer, which there were, the tanks were in front and behind the trailer, and there is no evidence that Matthews could not see them;
>     (5) Matthews relied on his training with the Drug Enforcement Administration ("DEA") in reaching the conclusion that the anhydrous ammonia method of manufacturing was being used, although it is not commonly used locally;
>     (6) Matthews was not required to point out that the defendant's truck was parked at the trailer despite Grogg's text message that she was riding around with the defendant because they could have been in another vehicle as the defendant had other customers;
>     (7) Matthews directly stated why he believed the valves were discolored, based on his training, which was only a mistaken observation and was not meant to mislead the issuing judge;
>     (8) it is not important that Matthews could not recall whether other trailers had multiple tanks; and
>     (9) there is no evidence that the other trailers around the defendant's trailer had quite as many propane tanks as the defendant's trailer and Matthews made his observation in the affidavit based on his training and a good faith belief.

In his report and recommendation, the magistrate judge found that the facts presented in Matthews' affidavit supported a fair probability that methamphetamine production would be found in Dubrowski's trailer and that Matthews acted in good faith on the warrant. The magistrate judge cited Matthews' corroboration of the

5

C/I's statements, the C/I's relationship to the defendant, the C/I's admittance of illegal activity, and the great deference afforded issuing judges to support his finding. Additionally, the magistrate judge found that the defendant's consent to questioning was voluntary as there was no evidence that the defendant was coerced, intimidated, threatened, or tricked. Finally, the magistrate judge found that even if the search warrant was invalid, the defendant's statements should not be suppressed because of the defendant's intervening independent act of consenting to questioning without the presence of coercion, threat, or force.

The magistrate judge further found that the defendant failed to show that Matthews intended to mislead the issuing judge or exhibited reckless disregard. The magistrate judge noted that (1) Matthews did not state specifically the number of propane tanks but only stated that there were "numerous propane tanks" and that there were in fact "numerous propane tanks;" (2) the omission of a truck being parked next to the trailer was harmless when taken with the fact that Matthews observed no tire tracks nearby while other trailers had tire tracks nearby; and (3) the defendant failed to provide evidence that Matthews' other observations stated in the affidavit were unsupported.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge is affirmed and adopted

6

in its entirety and the defendant's motion to suppress and amended motion to suppress are denied.

### III. Applicable Law

Under the Federal Magistrate's Act, 28 U.S.C. § 636(b)(1)(B), a magistrate judge may be designated by a district court to consider motions to suppress evidence as unconstitutionally obtained. After the magistrate judge has considered such a motion, he must submit '"proposed findings of fact and recommendations for the disposition.'" Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Parties are entitled to file written objections to the findings and recommendations of the magistrate judge, and if a party chooses to object within the time allotted, the district court shall make a de novo review of the findings and recommendations objected to. Id. and 28 U.S.C. § 636(b)(1)(C).

However, as there were no objections filed to the magistrate judge's recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citing Webb v. Califano, 468 F.Supp. 825 (E.D. Cal. 1979)).

### IV. Discussion

As stated previously the defendant and the government raise several arguments in support and in contention of the motion to suppress: (1) the validity of the underlying search warrant, (2)

7

the applicability of the Leon good faith exception, (3) the admissibility of the defendant's statements after waiving his Miranda rights, and (4) whether a Franks hearing is required. This Court will consider those arguments in turn.

A. Validity of the Warrant

The Fourth Amendment provides in relevant part that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. As such, it is well established that in order to issue a search warrant, the complaining officer must show probable cause. Giordenello v. United States, 357 U.S. 480, 486. Probable cause cannot be established by conclusory statements of the affiant's belief, but must detail at least some underlying circumstance upon which a belief that contraband or evidence will be found is based. Id.; Illinois v. Gates, 462 U.S. 213, 238 (1983). This Court must only find that the magistrate judge's finding that there was substantial evidence in the record to support the issuing judge's decision to issue the warrant was not in clear error. Massachusetts v. Upton, 466 U.S. 727, 728 (1984).

Further, probable cause may be based on an anonymous tip that has been independently corroborated. Gates, 462 U.S. at 238. The reliability of such a tip is based on the totality of the circumstances and requires a court to weigh the detail of the tip,

former use of the informant, and the corroboration of the facts provided in the tip. United States v. White, 549 F.3d 946, 950 (4th Cir. 2008); United States v. Lalor, 966 F.2d 1578, 1581 (4th Cir. 1993).

In this case, Matthews' affidavit for a search warrant detailed an underlying circumstance that supported his belief that contraband or evidence would be found in the defendant's trailer. Matthews' affidavit was supported by the C/I's statements and Matthews' independent corroboration of those statements based on his own personal observations and his experience.

Here, the C/I stated that he believed the defendant was producing methamphetamine in his trailer because he had dropped off Grogg several times to purchase methamphetamine from the defendant. These statements were supported by Grogg's text message to the C/I that she was riding around with the defendant. Additionally, the C/I admitted to being under the influence of methamphetamine at the time of his debriefing which, although in most cases would go against his reliability, in this case supported his statements that the defendant had methamphetamine at the trailer which the C/I had just left. United States v. Harris, 403 U.S. 573, 583 (1971) ("Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility-sufficient at least to support a finding of probable cause to search.").

These statements were later corroborated by Matthews' observation of the defendant's trailer. Matthews detailed in the affidavit the multiple propane tanks outside of the trailer that based on his experience was usually linked to methamphetamine production, his belief that the tanks were discolored which also was linked to methamphetamine production, and the lack of tire tracks by the trailer (when other trailers had tire tracks) which supported a belief that the trailer was used for production rather than as a residence. These facts, provided in the affidavit and corroborating the C/I's statements, were enough to support a probable cause finding that contraband or evidence would be found in the defendant's trailer. Accordingly, the magistrate judge's finding of the same is without clear error.

B. "Good Faith" Exception

The magistrate judge denied the defendant's motion to suppress, in part, on the Leon "good faith" exception (finding that it only applied if it was assumed that the search was defective). See United States v. Leon, 468 U.S. 897, 923 (1984). Under this exception, evidence obtained pursuant to a search warrant issued by a magistrate judge based on less than probable cause may still be admissible provided the officer's reliance on the warrant is made in good faith. Id. Thus, the exception applies unless "a reasonably well trained officer would have known that the search was illegal despite the [issuing judge's] authorization." Id. at

922, n.23. The United States Supreme Court has cited four situations in which an officer's reliance will be found to be unreasonable, the defendant relies on the following situation: "the warrant was based on an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable . . . ." United States v. Hyppolite, 65 F.3d 1151, 1156 (4th Cir. 1995).

As previously found by this Court, the affidavit submitted by Matthews was sufficiently detailed and was supported by the C/I's statements and Matthews' personal observations of the defendant's trailer which corroborated those statements. Thus, the Leon "good faith" exception would apply in this action if the search warrant was found to be defective and the magistrate judge's finding was not in clear error.

C. Admissibility of the Defendant's Statements

The determination of whether a defendant's waiver of his Miranda rights was effective is two-fold. United States v. Cristobal, 293 F.3d 134, 139-40 (4th Cir. 2002). "First, the relinquishment of the right 'must have been voluntary in the sense that it was the product of free and deliberate choice rather than intimidation, coercion, or deception.'" Id. (citing Moran v. Burbine, 475 U.S. 412, 421 (1986)). Next, "'the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon

11

it." Id. "Only if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived." Id.

In this case, the defendant was notified of his Miranda rights and affirmatively stated that he knew of his rights and would "answer some questions." ECF No. 21-3. The defendant, however, only argues that his statements were coercively obtained because the interrogation occurred while he was in custody after the search warrant was executed. Given the standard above, this accusation is not enough to carry the day. The defendant must be able to show that the statements were the result of "intimidation, coercion, or deception." The defendant has failed to provide any evidence that any officer acted in such way. Further, the defendant's own statements in response to the officers support a finding that the defendant was aware of his rights, the rights he was waiving, and that his waiver was fully voluntary. Thus, the magistrate judge's finding that the defendant freely waived his Miranda rights was not in clear error.

Additionally, the magistrate judge's finding that obtaining the waiver was an intervening independent act if it is assumed that the search warrant was defective is not clearly erroneous. The magistrate judge reviewed the three factors that must be considered in determining whether a constitutional violation has been purged

by an intervening independent act: "(1) the amount of time between the illegal action and the acquisition of the evidence; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the official misconduct." United States v. Seidman, 156 F.3d 542, 548 (4th Cir. 1998) (citation omitted).

The magistrate judge found that because of the close proximity of the interview and the execution of the search warrant, the first factor weighed against a finding that the waiver was an intervening independent act. However, the magistrate judge found that the other two factors weighed in favor of such a finding because (1) the defendant waived his Miranda rights, an intervening circumstance, and (2) the defendant was fully informed of his Miranda rights, waived them, and the fact that nothing from the search was used to coerce or gain the consent to conduct the interrogation. Such a weighing of the Seidman factors is not in clear error and this Court therefore finds that even if the search warrant was invalid, the defendant's statements should not be suppressed because of the intervening independent acts that occurred between the search and the defendant's statements.

D. *Franks*

Although this Court has found that the Leon exception would apply, the court in Leon expressly left untouched the Franks doctrine and, therefore, a warrant issued upon a facially sufficient affidavit is invalid if based upon knowingly or

13

recklessly made falsehoods in the officer's affidavit regardless of good faith.  Leon does not apply to such a warrant.  Thus, this Court must consider the defendant's Franks argument despite its finding regarding Leon.

A Franks hearing is not required unless the defendant makes a "substantial preliminary showing" that a false statement in a warrant affidavit was made knowingly and intentionally, or with reckless disregard for the truth.  Simmons v. Poe, 47 F.3d 1370, 1383 (1995).  Second, a defendant must show that the false information was essential to the probable cause determination. Id.; Franks v. Delaware, 438 U.S. 154, 155-56 (1978).

The Fourth Circuit has long held that Franks protects the defendant against flagrant police actions designed to mislead the issuing judge, or that are in reckless disregard of the truth. Simmons, 47 F.3d at 1384-85.  The touchstone in determining whether a defendant makes a substantial preliminary showing is whether the misstatement appears designed to mislead.  Id.  Such is not the case here.

As the magistrate judge noted, Matthews stated in the affidavit that he believed the trailer was used for production only when in fact the defendant lived in the trailer.  This belief was reasonable, however, based on Matthews' observation that there were no tire tracks in the snow whereas other trailers had tracks.  On the other hand, the defendant argues that the presence of a truck

14

parked beside the trailer supports a finding that the trailer was occupied. However, Matthews never mentioned the presence or non-presence of vehicles and instead, based on his experience, based his belief on the lack of tire tracks at the defendant's trailer. This Court cannot therefore find that his statement was meant to mislead the issuing judge.

Further, Matthews only stated that there were "numerous propane tanks" at the trailer. Matthews never stated how many there were and the defendant himself testified that there could have been at least eight. Matthews compared the number of propane tanks to those at other trailers and thus this Court cannot find that such a statement, that there were "numerous propane tanks", was meant to be misleading.

Finally, Matthews stated that the patina on the tanks was discolored. The patina was not discolored, a fact learned by Matthews and other officers after execution of the search warrant. The defendant argues that this statement was misleading as Matthews did not actually go close enough to the trailer to correctly determine the color of the valves on the tanks. However, the defendant has failed to offer evidence that Matthews' actions were reckless or intentional, especially given Matthews' DEA training that supported his belief that discoloration and the presence of several propane tanks was a sign of methamphetamine production.

As such, this Court finds that the defendant was not entitled to a <u>Franks</u> hearing and thus the magistrate judge's finding of the same is not in clear error.

V. <u>Conclusion</u>

Based on the analysis above, this Court finds that the magistrate judge's report and recommendation is AFFIRMED and ADOPTED in its entirety based on a review for clear error. The defendant's motion to suppress and amended motion to suppress are therefore DENIED.

Additionally, because no party filed objections to the report and recommendation, the defendant waived his right to appeal a judgment of this Court based thereon. <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    April 30, 2015

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE